UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SOUND REFRIGERATION AND
AIR CONDITIONING, INC.                                    **COMPLAINT**

                  Plaintiff,                    Civil Action No.:

      -against-

SOUND MECHANICAL, INC. and
JOHN SPINA

                Defendants.
------------------------------------------------------------------X

      Plaintiff SOUND REFRIGERATION AND AIR CONDITIONING, INC. ("Sound Air Conditioning"), by and through its attorneys, RIVKIN RADLER LLP, as and for its Complaint against Defendants SOUND MECHANICAL, INC. ("Sound Mechanical") and JOHN SPINA ("Spina") (Sound Mechanical and Spina are collectively "the Defendants") alleges as follows:

<u>**OVERVIEW**</u>

      1.      This is an action for, among other things, trademark infringement. This action is based upon the Defendants' repeated, willful, infringement of Sound Air Conditioning's long-standing intellectual property rights in its federally-registered SOUND AIR CONDITIONING trademark - - *a trademark that Sound Air Conditioning has used for over seventy (70) years.*

      2.      The Defendants are using a name that is virtually identical to SOUND AIR CONDITIONING, that is, SOUND MECHANICAL, to advertise, market, and promote the exact same heating, ventilation, air-conditioning, and mechanical services offered by Sound Air Conditioning, in the exact same region serviced by Sound Air Conditioning.

3.     The Defendants' blatant disregard for Sound Air Conditioning's intellectual property rights - - rights which Sound Air Conditioning has developed through substantial investments of both human and financial capital - - must cease.

## THE PARTIES

4.     Plaintiff Sound Air Conditioning is incorporated in the State of New York having its principal place of business at 58 Old Stewart Avenue, Garden City Park, New York 11040 and is duly authorized to transact business in the State of New York.

5.     Upon information and belief, Defendant Sound Mechanical is a corporation duly organized and existing under the laws of the State of New York, and maintains a place of business at 76 Lyman Avenue, Patchogue, New York 11772.

6.     Upon information and belief, Defendant John Spina is a natural person residing in the State of New York, County of Suffolk.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367, as there are federal questions predicated upon the Lanham Act and claims under the laws of the State of New York for which this Court has supplemental jurisdiction.

8.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as all Defendants reside in this District and a substantial part of the events giving rise to the claims at issue herein occurred in this District.

## SOUND AIR CONDITIONING'S ESTABLISHED
## INTELLECTUAL PROPERTY RIGHTS

9.     Sound Air Conditioning began operations in September 1947 and, since that time, has developed a reputation as a leader in the heating, ventilation, air-conditioning, and mechanical contracting industry.

10.     Sound Air Conditioning has spent significant time, money, and effort to establish public recognition of the SOUND AIR CONDITIONING trademark as identifying Sound Air Conditioning as the source of industry-leading heating, ventilation, air-conditioning, and mechanical services, and has used the SOUND AIR CONDITIONING trademark to advertise and promote those services for approximately seventy (70) years.

11.     Over the course of the past seven decades, Sound Air Conditioning has established not only substantial consumer recognition of the SOUND AIR CONDITIONING trademark, but also developed significant good will in connection with the SOUND AIR CONDITIONING trademark.

12.     The SOUND AIR CONDITIONING trademark is one of Sound Air Conditioning's most valuable assets.

13.     Sound Air Conditioning has used, and continues to use, SOUND AIR CONDITIONING in interstate commerce, among other places, on its website, letterhead, advertisements, bid submissions, and other materials to identify, advertise, publicize, and market Sound Air Conditioning's services.

14.     By virtue thereof, together with the consumer recognition and good will referenced above, the SOUND AIR CONDITIONING trademark identifies the source of the services provided by Sound Air Conditioning and distinguishes Sound Air Conditioning from other providers of the same services.

15.     To that end, on August 18, 2015, SOUND AIR CONDITIONING became a federally-registered trademark with the United States Patent and Trademark Office under registration number 4,794,893 for use in connection with "HVAC contractor services" with a first use date of September 13, 1947 and a first use in commerce date of December 31, 1962.  A copy of the Registration Certificate is attached hereto as Exhibit "A".

16.     Accordingly, SOUND AIR CONDITIONING is a federally-registered and valid trademark which is prima facie evidence of Sound Air Conditioning's exclusive right to use its trademark in commerce in connection with its services.

## THE DEFENDANTS' INFRINGING CONDUCT

17.     In or around April 2017, Sound Air Conditioning first became aware of Defendants' unauthorized use of SOUND MECHANICAL as a means to identify Sound Mechanical as the source of heating, ventilation, air-conditioning, and mechanical services, the same services offered by Sound Air Conditioning.

18.     Specifically, one of Sound Air Conditioning suppliers contacted Sound Air Conditioning and advised that an entity named Sound Mechanical located in Patchogue, New York called the supplier to inquire about pricing to be included in a bid for HVAC services that Sound Mechanical was planning to submit to a contractor for a job site in Manhattan.

19.     The supplier asked whether Sound Mechanical was associated with Sound Air Conditioning.

20.     Sound Air Conditioning advised the supplier that there was no association between Sound Air Conditioning and Sound Mechanical.

21.     Thereafter, Sound Air Conditioning contacted the contractor and asked whether the contractor had intended for Sound Air Conditioning, and not Sound Mechanical, to bid on the job at issue.

22.     The contractor confirmed that it erroneously sent the request to bid on the job at issue to Sound Mechanical.

23.     The contractor advised that it thought that Sound Mechanical was Sound Air Conditioning.

24.     Sound Air Conditioning immediately undertook a preliminary investigation into Sound Mechanical.

25.     As part of that investigation, Sound Air Conditioning conducted a Google search for "sound mechanical" which generated the following search results screen:



26.     Not only do those search results disclose Sound Mechanical, but they disclose Sound Mechanical in conjunction with both an image of Sound Air Conditioning's headquarters and a link to Sound Air Conditioning's website (see red arrows above).

27.     Accordingly, consumers are likely to be confused and left with the misimpression that Sound Mechanical is endorsed by, or otherwise affiliated with, Sound Air Conditioning.

28.     This conclusion is supported not only by the proximity of the services offered by Sound Air Conditioning and the Defendants, as evidenced by the above Google search results, but also the fact that the dominant portion of the SOUND AIR CONDITIONING trademark and SOUND MECHANICAL are identical, namely, the use of the word "Sound."

29.     Likewise, the conclusion that consumers are likely to be confused is supported by the fact that, in the relevant industry, the word "mechanical" is synonymous with HVAC which is an abbreviation for heating, ventilation, and air conditioning.  Thus, the word "mechanical" is interchangeable with, among other things, the phrase "air conditioning."

30.     Sound Air Conditioning immediately sent a cease and desist letter to Sound Mechanical demanding, among other things, that Sound Mechanical cease and desist of all use of the word "Sound" in connection with advertising and promoting its services.  A copy of the cease and desist letter is attached hereto as Exhibit "B".

31.     Sound Air Conditioning's cease and desist letter was sent to Spina.

32.     Upon information and belief, Spina is the Chief Executive Officer of Sound Mechanical and its only employee.

33.     Upon information and belief, Spina maintains sole discretionary and decision-making authority for Sound Mechanical.

34.     Upon information and belief, Spina directed Sound Mechanical's selection, and use, of a name that is virtually identical to SOUND AIR CONDITIONING.

35.     Sound Mechanical, through Spina, responded to the cease and desist letter but, to date, has refused to remedy the infringement of Sound Air Conditioning's intellectual property rights.

36.     Sound Mechanical's continued use of SOUND MECHANICAL to advertise and promote its HVAC services is likely to cause consumer confusion based upon Sound Air Conditioning's long-standing prior use of SOUND AIR CONDITIONING in connection with HVAC services.

**COUNT I**
**TRADEMARK INFRINGEMENT**
**15 U.S.C. § 1114**

37.     Sound Air Conditioning repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "36" with the same force and effect as if set forth at length herein.

38.     Sound Air Conditioning is the owner of a valid and legally protectable trademark for SOUND AIR CONDITIONING.

39.     SOUND AIR CONDITIONING is a federally-registered trademark.

40.     The Defendants have used, and continue to use, SOUND MECHANICAL as a means to identify Sound Mechanical as the source of heating, ventilation, air-conditioning, and mechanical services, the same services offered by Sound Air Conditioning.

41.     The Defendants' continued unauthorized use of SOUND MECHANICAL is designed to cause, and will likely cause, consumer confusion with Sound Air Conditioning and its services, as the Defendants do not have the right to use SOUND MECHANICAL and such use infringes on the registered trademark SOUND AIR CONDITIONING.

42.     The Defendants' continued unauthorized use of SOUND MECHANICAL is designed to cause, and will likely cause, consumers to mistakenly retain Sound Mechanical to perform services when such consumers believe that they are actually retaining Sound Air Conditioning.

43.     The Defendants' aforesaid conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114, and at all relevant times, such conduct is and has been willful, malicious and in conscious disregard of Sound Air Conditioning's rights under the Lanham Act as the owner of the SOUND AIR CONDITIONING trademark.

44.     As a result of the Defendants' conduct in violation of the Lanham Act, Sound Air Conditioning has been injured in the manner of lost sales and loss of good will associated with its own services.

45.     As a result of the Defendants' conduct in violation of the Lanham Act, Sound Air Conditioning is entitled to receive an accounting of, and receive compensation from the Defendants in the form of, all of the Defendants profits from the unauthorized use of Sound Air Conditioning's intellectual property.

46.     As a result of the Defendants' conduct in violation of the Lanham Act, Sound Air Conditioning has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief to the type sought herein pursuant to 15 U.S.C. § 1116.

47.     As a result of the Defendants' conduct, Sound Air Conditioning has sustained actual and consequential damages that will be established at trial, and Sound Air Conditioning is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

## COUNT II
## FALSE DESIGNATION OF ORIGIN
### 15 U.S.C. § 1125(a)(1)(A)

48.     Sound Air Conditioning repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "47" with the same force and effect as if set forth at length herein.

49.     Sound Air Conditioning is the owner of a valid and legally protectable trademark for SOUND AIR CONDITIONING.

50.     Sound Air Conditioning uses the SOUND AIR CONDITIONING trademark to identify, advertise, promote, publicize and market Sound Air Conditioning and its services.

51.     The Defendants are using SOUND MECHANICAL, a name that is virtually identical to SOUND AIR CONDITIONING, in connection with identifying, advertising, promoting, publicizing and marketing their HVAC services.

52.     The Defendants have used and continue to use SOUND MECHANICAL to advance, grow and develop their business and to harm and interfere with Sound Air Conditioning's business.

53.     The Defendants' use of SOUND MECHANICAL is designed to cause, and will likely cause, consumer confusion, mistake or deception as to the origin, sponsorship or approval of the Defendants' services, given the use of SOUND MECHANICAL by the Defendants and the similar nature of the services provided by both Sound Air Conditioning and Sound Mechanical.

54.     The Defendants' aforesaid conduct constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A), and at all relevant times, such conduct is and has been willful, malicious and in conscious disregard of Sound Air

Conditioning's rights under the Lanham Act as the owner of the SOUND AIR CONDITIONING trademark.

55.    As a result of the Defendants' conduct in violation of the Lanham Act, Sound Air Conditioning has been injured in the manner of lost sales and loss of good will associated with its own services.

56.    As a result of the Defendants' conduct in violation of the Lanham Act, Sound Air Conditioning is entitled to receive an accounting of, and receive compensation from the Defendants in the form of, all of the Defendants' profits from the unauthorized use of Sound Air Conditioning's intellectual property.

57.    As a result of the Defendants' conduct in violation of the Lanham Act, Sound Air Conditioning has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief to the type sought herein pursuant to 15 U.S.C. § 1116.

58.    As a result of the Defendants' conduct, Sound Air Conditioning has sustained actual and consequential damages that will be established at trial, and Sound Air Conditioning is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

**COUNT III**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**
**COMMON LAW**

59.    Sound Air Conditioning repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "58" with the same force and effect as if set forth at length herein.

60.    Sound Air Conditioning is the owner of a valid and legally protectable trademark for SOUND AIR CONDITIONING.

61.     SOUND AIR CONDITIONING is a federally-registered trademark.

62.     The Defendants have used, and continue to use, SOUND MECHANICAL as a means to identify Sound Mechanical as the source of heating, ventilation, air-conditioning, and mechanical services, the same services offered by Sound Air Conditioning.

63.     The Defendants' continued unauthorized use of SOUND MECHANICAL is designed to cause, and will likely cause, consumer confusion with Sound Air Conditioning and its services, as the Defendants do not have the right to use SOUND MECHANICAL and such use infringes on the registered trademark SOUND AIR CONDITIONING.

64.     The Defendants' continued unauthorized use of SOUND MECHANICAL is designed to cause, and will likely cause, consumers to mistakenly retain Sound Mechanical to perform services when such consumers believe that they are actually retaining Sound Air Conditioning.

65.     The Defendants' conduct relating to their continued unauthorized use of SOUND MECHANICAL is willful, malicious, and in bad-faith and in conscious disregard of Sound Air Conditioning's rights and has caused, and is likely to cause, consumer confusion between Sound Air Conditioning and its services and Defendants and their services.

66.     The Defendants' activities as stated herein constitute infringement of Sound Air Conditioning's rights in the SOUND AIR CONDITIONING trademark and unfair competition in violation of New York common law.

67.     As a result of the Defendants' conduct, Sound Air Conditioning has been injured in the manner of lost sales and loss of good will associated with its own services.

68.     As a result of the Defendants' conduct, Sound Air Conditioning is entitled to receive an accounting of, and receive compensation from the Defendants in the form of, all of the Defendants' profits from the unauthorized use of Sound Air Conditioning's intellectual property.

69.     As a result of the Defendants' conduct, Sound Air Conditioning has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief.

70.     As a result of the Defendants' conduct, Sound Air Conditioning has sustained actual and consequential damages that will be established at trial, and Sound Air Conditioning is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

**COUNT IV**
**TRADEMARK DILUTION**
**NEW YORK GENERAL BUSINESS LAW § 360-l**

71.     Sound Air Conditioning repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "70" with the same force and effect as if set forth at length herein.

72.     Sound Air Conditioning is the owner of a valid and legally protectable trademark for SOUND AIR CONDITIONING.

73.     Sound Air Conditioning uses the SOUND AIR CONDITIONING trademark to identify, advertise, promote, publicize and market Sound Air Conditioning and its services.

74.     The SOUND AIR CONDITIONING trademark is distinctive and has developed secondary meaning based on the continuous and exclusive use of the SOUND AIR CONDITIONING trademark for approximately seventy (70) years.

75.     Sound Air Conditioning has spent a significant amount of money in connection with advertising and promoting the SOUND AIR CONDITIONING trademark as the source of Sound Air Conditioning's industry-leading HVAC services.

76.     To that end, Sound Air Conditioning has enjoyed tremendous sales success and has grown from a small business to a business that now employs in excess of approximately 83 employees.

77.     As a result, Sound Air Conditioning has established not only substantial consumer recognition of the SOUND AIR CONDITIONING trademark, but also developed significant good will in connection with the SOUND AIR CONDITIONING trademark.

78.     Defendants' unlawful use of SOUND MECHANICAL in commerce has harmed the reputation of, and diluted the distinctive quality of, the SOUND AIR CONDITIONING trademark by lessening the capacity of the trademark to identify and distinguish the services provided by Sound Air Conditioning.

79.     The Defendants' aforesaid conduct constitutes trademark dilution in violation of New York General Business Law § 360-l.

80.     As a result of the Defendants' conduct, Sound Air Conditioning has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief.

**COUNT V**
**TRADEMARK DILUTION**
**COMMON LAW**

81.     Sound Air Conditioning repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "80" with the same force and effect as if set forth at length herein.

13

82.     Sound Air Conditioning is the owner of a valid and legally protectable trademark for SOUND AIR CONDITIONING.

83.     Sound Air Conditioning uses the SOUND AIR CONDITIONING trademark to identify, advertise, promote, publicize and market Sound Air Conditioning and its services.

84.     The SOUND AIR CONDITIONING trademark is distinctive and has developed secondary meaning based on the continuous and exclusive use of the SOUND AIR CONDITIONING trademark for approximately seventy (70) years.

85.     Sound Air Conditioning has spent a significant amount of money in connection with advertising and promoting the SOUND AIR CONDITIONING trademark as the source of Sound Air Conditioning's industry-leading HVAC services.

86.     To that end, Sound Air Conditioning has enjoyed tremendous sales success and has grown from a small business to a business that now employs in excess of approximately 83 employees.

87.     As a result, Sound Air Conditioning has established not only substantial consumer recognition of the SOUND AIR CONDITIONING trademark, but also developed significant good will in connection with the SOUND AIR CONDITIONING trademark.

88.     Defendants' unlawful use of SOUND MECHANICAL in commerce has harmed the reputation of, and diluted the distinctive quality of, the SOUND AIR CONDITIONING trademark by lessening the capacity of the trademark to identify and distinguish the services provided by Sound Air Conditioning.

89.     The Defendants' aforesaid conduct constitutes trademark dilution in violation of New York common law.

90.     As a result of the Defendants' conduct, Sound Air Conditioning has been injured in the manner of lost sales and loss of good will associated with its own services.

91.     As a result of the Defendants' conduct, Sound Air Conditioning is entitled to receive an accounting of, and receive compensation from the Defendants in the form of, all of the Defendants' profits from the unauthorized use of Sound Air Conditioning's intellectual property.

92.     As a result of the Defendants' conduct, Sound Air Conditioning has suffered and will continue to suffer irreparable injury that cannot be adequately compensated by money damages, and which gives rise to injunctive relief.

93.     As a result of the Defendants' conduct, Sound Air Conditioning has sustained actual and consequential damages that will be established at trial, and Sound Air Conditioning is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

**COUNT VI**
**TORTIOUS INTERFERENCE**
**COMMON LAW**

94.     Sound Air Conditioning repeats, reiterates and realleges each and every allegation contained in the paragraphs numbered "1" through "93" with the same force and effect as if set forth at length herein.

95.     Upon information and belief, the Defendants intentionally, willfully and knowingly used, and continue to use, the SOUND AIR CONDITIONING trademark to obtain business from customers that was intended to be given to Sound Air Conditioning and would otherwise be undertaken by Sound Air Conditioning.

96.     Upon information and belief, the Defendants' misrepresentations to Sound Air Conditioning's prospective customers that the Defendants are related to Sound Air Conditioning,

prevented the customers from entering into contracts with Sound Air Conditioning for Sound Air Conditioning to perform, or otherwise bid for, certain HVAC services.

97.     As a result of the Defendants' conduct, Sound Air Conditioning has been injured in the manner of lost sales and loss of good will associated with its own services.

98.     As a result of the Defendants' conduct, Sound Air Conditioning has sustained actual and consequential damages that will be established at trial, and Sound Air Conditioning is entitled to an award of punitive damages, the exact amount of which to be determined at trial.

## DEMAND FOR JURY TRIAL

99.     Plaintiff demands trial by jury.

**WHEREFORE**, Sound Air Conditioning requests that the Court enter judgment against the Defendants, Sound Mechanical, Inc. and John Spina, as follows:

   a. On Count I against the Defendants, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial, (iii) an accounting and disgorgement of profits, (iv) damages sufficient to conduct corrective advertising; and (v) preliminary and permanent injunctive relief;

   b. On Count II against the Defendants, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial, (iii) an accounting and disgorgement of profits, (iv) damages sufficient to conduct corrective advertising; and (v) preliminary and permanent injunctive relief;

   c. On Count III against the Defendants, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial, (iii) an accounting and disgorgement of profits, (iv) damages sufficient to conduct corrective advertising; and (v) preliminary and permanent injunctive relief;

   d. On Count IV against the Defendants, preliminary and permanent injunctive relief;

e.   On Count V against the Defendants, (i) actual and consequential damages that will be established at trial, (ii) an award of punitive damages, the exact amount of which to be determined at trial, (iii) an accounting and disgorgement of profits, (iv) damages sufficient to conduct corrective advertising; and (v) preliminary and permanent injunctive relief;

f.   On Count VI against the Defendants, (i) actual and consequential damages that will be established at trial; and (ii) an award of punitive damages, the exact amount of which to be determined at trial; and

g.   An order awarding Plaintiff its reasonable attorneys' fees and costs, together with such other and further relief as this Court may deem just, proper, and equitable.

Dated:  Uniondale, New York
        September 12, 2017

                        Respectfully submitted,

                        RIVKIN RADLER LLP

                        /s/Frank Misiti
                        Michael A. Kotula
                        Michael C. Cannata
                        Frank Misiti
                        926 RXR Plaza
                        Uniondale, New York 11556-0926
                        (516) 357-3000
                        michael.cannata@rivkin.com
                        frank.misiti@rivkin.com

                        Attorneys for Plaintiff
                        SOUND REFRIGERATION AND
                        AIR CONDITIONING, INC.

3746313 v5

17

# EXHIBIT A

# United States of America

### United States Patent and Trademark Office

# Sound Air Conditioning

**Reg. No. 4,794,893**
**Registered Aug. 18, 2015**

**Int. Cl.: 37**

**SERVICE MARK**

**PRINCIPAL REGISTER**

SOUND REFRIGERATION AND AIR CONDITIONING, INC. (NEW YORK CORPORATION)
58 OLD STEWART AVENUE
GARDEN CITY PARK, NY 11040

FOR: HVAC CONTRACTOR SERVICES, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).

FIRST USE 9-13-1947; IN COMMERCE 12-31-1962.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "AIR CONDITIONING", APART FROM THE MARK AS SHOWN.

SER. NO. 86-503,332, FILED 1-14-2015.

NATALIE KENEALY, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

# EXHIBIT B



**RIVKIN RADLER** LLP
ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

**MICHAEL C. CANNATA**
Partner
(516) 357-3233
michael.cannata@rivkin.com

April 27, 2017

**CERTIFIED/RETURN RECEIPT**

Mr. John Spina
Sound Mechanical, Inc.
76 Lyman Avenue
Patchogue, New York 11772-1065

Re:   Unauthorized Use of Intellectual Property
      RR File No.:  10467-1

Dear Mr. Spina:

This Firm represents Sound Refrigeration and Air Conditioning, Inc. ("Sound"), a heating, ventilation, air-conditioning, and mechanical contractor located in Garden City Park, New York.  It has recently come to Sound's attention that Sound Mechanical, Inc. ("SMI") is using the word "Sound" such that consumer confusion is not only likely, but in fact has already occurred, based upon Sound's long-standing use, and federal registration, of SOUND AIR CONDITIONING.

The purpose of this letter is to demand that SMI immediately cease and desist all use of the word "Sound."

Sound has expended significant time, money, and effort to establish public recognition of SOUND AIR CONDITIONING as identifying Sound as the source of high quality heating, ventilation, air-conditioning, and mechanical services, and has used SOUND AIR CONDITIONING in advertising and promoting these services for approximately seventy (70) years.  Over the course of the past seven decades, Sound has established substantial consumer recognition of SOUND AIR CONDITIONING and good will, and it has become one of Sound's most valuable assets.  To that point, Sound is the owner of U.S. trademark registration number 4,794,893 for SOUND AIR CONDITIONING in International Class 037 covering "HVAC contractor services."  Attached as Exhibit "A" is a copy of Sound's federal trademark registration certificate.

SMI's unauthorized use of the word "Sound" in connection with the offering for sale of services that are identical to those offered by Sound constitutes, among other things, a plain violation of Sound's intellectual property rights.  This violation is exacerbated by the fact that Sound has recently been made aware of an attempt by SMI to respond to a bid request that was supposed to go

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495



April 27, 2017
Page 2

to Sound - - not SMI.  Specifically, SMI undertook efforts to respond to a request to bid for work at a jobsite located at 1 Wall Street, New York, New York.  That request, however, should have been directed to Sound.  However, it was mistakenly sent to SMI as a result of confusion stemming from SMI's unauthorized use of Sound's intellectual property.

Accordingly, Sound demands that SMI immediately cease and desist any and all use of the word "Sound."  This includes, but is not limited to, the removal by SMI of the word "Sound" from SMI's corporate name, client databases, vehicles, buildings, business cards, advertisements, letterhead, website, and/or domain name.  Please advise us immediately upon receipt of this letter of SMI's intent to cease all use of the word "Sound."

These demands are eminently reasonable in light of the serious nature of the infringement outlined herein.  If SMI refuses to meet these demands, Sound will be forced to take legal action.  If Sound is forced to take legal action, Sound will seek all available damages including, but not limited to: (1) a disgorgement of SMI's profits; (2) actual damages suffered by Sound; (3) recovery of Sound's attorneys' fees and court costs; and (4) injunctive relief.  Be advised that the above is not an exhaustive statement of all the relevant facts and law, and Sound hereby reserves the right to pursue all available legal rights and remedies.

We trust that SMI will make the effort to obviate the need for legal proceedings after investigating the issues referenced in this letter.

We look forward to SMI's prompt response on or before May 5, 2017.

Very truly yours,

RIVKIN RADLER LLP

Michael Cannata

3691399 v1

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# Sound Air Conditioning

**Reg. No. 4,794,893**

**Registered Aug. 18, 2015**

**Int. Cl.: 37**

**SERVICE MARK**

**PRINCIPAL REGISTER**

SOUND REFRIGERATION AND AIR CONDITIONING, INC. (NEW YORK CORPORATION)
58 OLD STEWART AVENUE
GARDEN CITY PARK, NY 11040

FOR: HVAC CONTRACTOR SERVICES, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).

FIRST USE 9-13-1947; IN COMMERCE 12-31-1962.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "AIR CONDITIONING", APART
FROM THE MARK AS SHOWN.

SER. NO. 86-503,332, FILED 1-14-2015.

NATALIE KENEALY, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office